United States District Court
Southern District of Texas
**ENTERED**
December 21, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLIED PIPE, LLC and ALLIED MANAGEMENT, INC., § § § § Plaintiffs, § VS. § EDWIN F. PAULSEN, § § Defendant. § § § | CIVIL ACTION NO. 4:21-CV-1315 |

## ORDER

Pending before the Court is Defendant Edwin F. Paulsen's ("Defendant" or "Paulsen") Motion to Dismiss Converted to a Motion for Summary Judgment (Doc. No. 18).[1] Plaintiffs Allied Pipe, LLC ("Allied Pipe") and Allied Management, Inc. ("Allied Management") (collectively "Plaintiffs") filed a response (Doc. No. 10), to which Defendant replied (Doc. No. 13). Upon review of the Motion (originally filed as a motion to dismiss), the Court converted the Motion to a motion for summary judgment (Doc. No. 17). Defendant filed a supplemental response to the Motion (Doc. No. 19), and Plaintiffs filed a supplemental response of their own (Doc. No. 25). The Court heard argument on the Motion and, at the same hearing, heard argument on Plaintiffs' request for a preliminary injunction.

After reviewing the Motion, the relevant briefings, the oral arguments presented, and the applicable law, the Court denies the Motion for Summary Judgment. The Court grants Plaintiffs' request for preliminary injunction.

---

[1] The Motion was originally filed as a motion to dismiss (Doc. No. 9).

## **Defendant's Motion for Summary Judgment**

### I.     Background

On August 18, 2019, Paulsen and his business partner sold Paulsen Pipe LLC, a carbon steel pipe business, to Plaintiff Allied Pipe for approximately $9,000,000. The terms of the sale were set out in a Purchase Agreement (the "Purchase Agreement"). Included in the Purchase Agreement was a Covenant Against Competition ("Non-Competition Clause") whereby Defendant agreed not to compete in the carbon steel pipe industry for a period of five years.

In addition to the Purchase Agreement, Plaintiff Allied Management hired Defendant. On December 17, 2019, Defendant and Plaintiffs signed a Confidentiality and Non-Solicitation Agreement (the "Non-Solicitation Agreement") which precluded Defendant from soliciting any of Allied's customers, vendors, or partners for 18 months following the conclusion of his employment with Allied Management. On June 18, 2020, Defendant resigned from his position with Allied Management.

In January 2021, in order to resolve some outstanding disputes, Defendant and his business partner agreed to a Confidential Settlement Agreement and Mutual Release with Plaintiff Allied Pipe (the "Settlement Agreement"). On April 20, 2021, Plaintiffs filed this lawsuit, bringing two claims for breach of contract against Defendant for allegedly brokering a sale of carbon pipe in violation of both the Non-Competition Clause and the Non-Solicitation Agreement.

Defendant subsequently filed a motion to dismiss (Doc. No. 9). Plaintiffs responded in opposition to the motion (Doc. No. 10), and Defendant replied in support. (Doc. No. 13). Upon review, the Court converted the motion into a motion for summary judgment (Doc. No. 18). Defendant supplemented the motion (Doc. No. 19), and Plaintiffs supplemented their response

(Doc. No. 25). After briefing was complete, the Court heard argument on the motion.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

## III. Analysis

Defendant offers two arguments to support his motion. First, Defendant argues that the January 2021 Settlement Agreement and Mutual Release ("Settlement Agreement") bars, as a matter of law, all of Plaintiffs' claims. Second, Defendant argues that the Non-Competition and Non-Solicitation provisions set forth in the Purchase Agreement are unenforceable as a matter of

3

law. The Court will address each argument in turn.

### A. Settlement Agreement

Defendant argues that the Settlement Agreement released any past, present, and future claims that Plaintiffs had or might have against him with respect to the Purchase Agreement. The Defendant points to the following language to support his claim:

> In consideration hereof, Allied, its predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, and attorneys hereby release and forever discharges Sellers and all of their respective predecessors, successors, assigns, agents, and attorneys from and against all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, demands and controversies whatsoever, whether matured or unmatured, whether at law on in equity, whether before a local, state or federal court or state or federal administrative agency, commission or arbitration administrator, and whether now known or unknown, liquidated or unliquidated, that Allied now has or may have had, or thereafter claims to have, regarding the issues arising out of or directly or indirectly related to the Purchase Agreement or the Disputes, on behalf of itself, or any other person or entity, **at any time prior to and including the date of this Agreement.**

(Doc. No. 19). (emphasis added)

Plaintiffs, in response, argue that while the Settlement Agreement did release claims they had against Defendant, it did not release future claims or eliminate Defendant's continuing obligations under the Non-Competition and Non-Solicitation provisions of the Purchase Agreement.

Texas courts "construe settlement agreements under normal rules of contract construction." *Barforough v. Nationstar Mortgage, LLC*, 01-16-00266-CV, 2017 WL 4413430, at *2. The primary concern in construing a written contract is ascertaining the intent of the parties by examining "the entire writing and striv[ing] to harmonize and give effect to all provisions in the contract, so that no provision is rendered meaningless." *Id.* Courts give contract terms "their plain and ordinary meaning unless the instrument indicates the parties intended a

4

different meaning." *Reeder v. Wood Cty. Energy, LLC*, 395 S.W.3d 789, 794–95 (Tex. 2012) (internal quotations omitted).

"To effectively release a claim, the releasing instrument must mention the claim to be released." *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991). "Claims that are not clearly within the subject matter of the release are not discharged, even if they exist when the release is executed." *Henry v. Masson*, 333 S.W.3d 825, 844 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Brady*, 811 S.W.3d at 938). "It is not necessary, however, that parties anticipate and identify every potential cause of action relating to the subject matter of the release" and "a valid release may also encompass unknown claims and future damages." *Id.*

Upon review of the Settlement Agreement, the Court finds that the critical language in the Settlement Agreement is the final sentence. That sentence applies the release to actions that existed "at any time prior to and including the date of this agreement." While Plaintiffs contend that the language of the Settlement Agreement releases Defendant from any claims relating to the Purchase Agreement that existed prior to January 2021 when the Settlement Agreement was signed, the Court cannot determine as a matter of law that the Settlement Agreement released Defendant from all claims deriving from a future breach of the Purchase Agreement. Importantly, the alleged breach of contract occurred on or around March 31, 2021, two months **after** the Settlement Agreement was signed. Further, there is nothing in the Settlement Agreement that releases Defendant from the Non-Competition Clause and the Non-Solicitation Agreement. Additional, Defendant has not referred this Court to any language in the Settlement Agreement that extinguishes his rights or obligations under the Purchas Agreement or the Non-Solicitation Agreement. As such, the Court denies the motion for summary judgment at least to the extent it is based upon the Settlement Agreement.

## B. Non-Competition and Non-Solicitation Provisions

### *1. Non-Competition Clause*

Defendant also argues that the Non-Competition Clause of the Purchase Agreement is unenforceable as a matter of law because it does not contain a geographical limitation and an unreasonable restraint on scope of activity. "Whether a covenant not to compete is enforceable is a question of law for the court." *Gallagher Healthcare Ins. Servs. v. Vogelsang*, 312 S.W.3d 640, 646 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). "A covenant not to compete is enforceable if it is (1) 'ancillary to or part of an otherwise enforceable agreement at the time the agreement is made' and (2) reasonable, not imposing a greater restraint than is necessary to protect the goodwill or other business interest of the employer." *Id.* (quoting Tex. Bus. & Com. Code § 15.50(a)). The "absence of a geographical restriction will generally render a covenant not to compete unreasonable." *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 212 (5th Cir. 2018). Nevertheless, "under Texas law, covenants not to compete . . . are not void or unenforceable simply because they lack an express geographic limitation." *GE Betz, Inc. v. Moffit-Johnston*, 885 F.3d 318, 329 (5th Cir. 2018).

Furthermore, simply because a covenant is found to be unreasonable does not eliminate the contractual obligation all together. "Section 15.51 of the Texas Business and Commerce Code requires courts to reform covenants found to be unreasonable as to time, geographical area, or scope of activity." *Id.* Importantly:

> If the covenant is found to be ancillary to or part of an otherwise enforceable agreement but contains limitations as to time, geographical area, or scope of activity to be restrained that are not reasonable and impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee, the court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than

6

necessary to protect the goodwill or other business interest of the promisee and enforce the covenant as reformed.

Tex. Bus. & Com. Code Ann. § 15.51(c). Not only is the provision in question part of an otherwise enforceable agreement—the Court's power to reform the covenant not to compete clause is actually incorporated into the very terms of the Purchase Agreement. Clause 2.4(d) sets forth that "any court having jurisdiction shall have the power to reduce the duration, scope, and/or area of such covenant and, in its reduced form, said covenant shall then be enforceable." Thus, both the Plaintiffs and the Defendant agreed to allow a court to reform the non-competition clauses.

Moreover, the Defendant, knowing the extent of the restraints set forth in the Non-Competition Clause, expressly agreed that "the restrictions imposed herein are: (i) reasonable as to scope, time, and area; [and] (ii) necessary for the protection of the Buyer and the Company's legitimate business interests." (Doc. No. 33-1, p. 6). That being the case, the Defendant, in his motion, is asking this Court to rule as a matter of law to set aside as unreasonable a clause that he contractually agreed was reasonable. This, the Court cannot—and will not—do. Nevertheless, out of an abundance of caution, the Court believes it appropriate to reform the Non-Competition Clause to provide a reasonable geographic restriction. With the presumed intent of the parties in mind, the Court restricts the Non-Competition Clause to the locations in which Defendant competed prior to the sale, which have been determined by referencing Defendant's customer list at the time that the Purchase Agreement was signed. [2] (Doc. No. 33, Ex. 3) Given this geographic restraint, the Court finds that the scope of activity limitation contained in the Non-

---

[2] The locations, set forth in Doc. No. 33, Ex. 3, are as follows: Alberta (Canada), Alabama, California, Florida, Iowa, Illinois, Indiana, Massachusetts, Michigan, Minnesota, Missouri, North Carolina, Nebraska, New York, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Wisconsin, West Virginia.

7

Competition Clause is reasonable, and Defendant's motion for summary judgment is denied as to the Non-Competition Clause.

### 2. *Non-Solicitation Agreement*

Defendant further argues that the Non-Solicitation agreement is unenforceable as a matter of law because it is not supported by sufficient consideration, and that it imposes a greater restraint than is necessary to protect the goodwill or other business interests of Plaintiffs.

As Defendant notes, non-solicitation agreements are subjection to the same analysis as covenants not to compete. *Exxon Mobil Corp. v. Drennan*, 452 S.W.3d 319, 327 (Tex. 2014); *see also Shoreline Gas, Inc. v. McGaughey*, No. 13-07-364-CV, 2008 WL 1747624, at *10 (Tex. App. 2008). Thus, a non-solicitation agreement, like a covenant not to compete, is enforceable "if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made." Tex. Bus. & Com. Code § 15.50. To demonstrate that a non-solicitation agreement is ancillary or part of an enforceable agreement, "the employer must establish that: (1) the consideration given by the employer in the otherwise enforceable agreement must give rise to the employer's interest in restraining the employee from competing; and (2) the covenant must be designed to enforce the employee's consideration or return promise for the otherwise enforceable agreement." *Rimkus Consulting Grp., Inc. v. Cammarata*, 255 F.R.D. 417, 434 (S.D. Tex. 2008) (citing *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 649 (Tex. 2006)). "An employer's promise to provide an employee with confidential or proprietary information and an employee's reciprocal promise not to disclose such confidential information would meet the requirement that the covenant be designed to enforce the employee's consideration provided in the agreement." *Id.* (internal citations and quotations omitted).

8

Defendant argues that a promise to give an employee access to confidential information is insufficient consideration. In support of this contention, Defendant cites *TMC Worldwide, L.P. v. Gray*. 178 S.W.3d 29 (Tex. App.—Houston [1st Dist.] 2005, no pet.). In that case, however, the court makes clear that a promise to provide confidential information is not illusory if "(1) the employer promises to deliver the confidential information to the employee and (2) the employer actually delivers the confidential information at or near the time the employee makes the promise to keep the information confidential." *Id.* at 38. Further, in support of this conclusion, the *TMC Worldwide* court cited *Wright v. Sport Supply Group, Inc.*, 137 S.W.3d 289, 297 (Tex. App.—Beaumont 2004, no pet.), a case in which the "court found that the employer's promise to provide confidential information was not illusory where, subsequent to signing the agreement, the employer, on a daily basis, made confidential information available to the employee." *TMC Worldwide*, 178 S.W.3d at 38. Defendant does not argue, nor does the record suggest, that Plaintiffs failed to provide Defendant access to confidential information, and thus the Court denies the motion with respect to Defendant's consideration argument.

Finally, Defendant argues that the Non-Solicitation Agreement imposes a greater restraint than is necessary to protect Plaintiffs' goodwill or other business interests. Defendant argues Section 3b of the Non-Solicitation Agreement fails for lack of a geographical restraint. Out of an abundance of caution, the Court imposes on the Non-Solicitation Agreement the same geographic limitation herein imposed on the Non-Competition Clause. Additionally, the Non-Solicitation Agreement prohibits Defendant from soliciting Plaintiffs' employees to join a competing business for up to 18 months after the conclusion of Defendant's employment. The Court finds this agreement to be reasonable and does not find it to impose a greater restraint than

necessary. Therefore, and Defendant's motion for summary judgment is denied as to the Non-Solicitation Agreement.

### Plaintiffs' Motion for Preliminary Injunction

A preliminary injunction is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on all four factors. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). The movant, however, "need not prove his case." *Lakedreams v. Taylor*, 932 F.2d 1103, 1109 (5th Cir. 1991) (citing *H & W Indus. v. Formosa Plastics Corp.*, 860 F.2d 172, 179 (5th Cir. 1988)). Before a court will grant a preliminary injunction, the movants must clearly show:

> (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) that their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.

*City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (quoting *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see also Winter v. NRDC*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). "The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974).

At the motion hearing, Plaintiffs offered no argument with respect whether the injunction ought to apply to the Non-Solicitation Agreement. As such, the Court finds no need to consider

10

it, and the injunction is denied with respect to the Non-Solicitation Agreement. Thus, the Court's analysis will be limited to the Non-Competition Clause.

*1. Factor One: Likelihood of Success on the Merits*

A party seeking a preliminary injunction must first show a likelihood of succeeding on the merits of his or her claim. The Fifth Circuit has previously stated "[the importance of this requirement varies with the relative balance of threatened hardships facing each of the parties." *Callaway*, 489 F.2d at 576.

Through their pleadings, motions, and arguments at the preliminary injunction hearing, Plaintiffs have introduced sufficient evidence that Defendant agreed to each of the agreements and subsequently violated the Purchase Agreement upon the termination of his employment with Plaintiffs. Moreover, Defendant contends not simply that he did not violate the agreements; rather, he contends that the Non-Competition Clause was either inapplicable to conduct following the Settlement Agreement or invalid on its face, and that the Non-Solicitation Agreement was invalid for want of valid consideration. There is no dispute that Defendant has engaged in the sale of carbon pipe after the conclusion of his employment with Plaintiffs, and as a result, Plaintiffs are likely entitled to some form of declaratory relief. The Court finds that Plaintiffs have established a likelihood of success on the merits.

*2. Factor Two: Irreparable Harm*

In addition to showing a likelihood of success on the merits, the movant must also demonstrate a "likelihood of substantial and immediate irreparable injury" if the injunction is not granted, and the "inadequacy of remedies at law." *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).

Speculative injuries are not enough to satisfy this factor; "there must be more than an unfounded fear on the part of [the moving party]." 11A Charles Alan Wright et al., *Federal*

*Practice and Procedure* § 2948.1. Thus, courts will not issue a preliminary injunction "simply to prevent the possibility of some remote future injury." *Id.* Instead, Plaintiffs must show a "presently existing actual threat." *Id.*; *see also Winter*, 555 U.S. at 22 ("We agree . . . that the Ninth Circuit's 'possibility' standard is too lenient. Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." (internal citations omitted)). Plaintiffs' injury need not have already been inflicted or be *certain* to occur; a strong threat of irreparable injury before a trial on the merits is adequate for a preliminary injunction to issue. *See, e.g.*, 11A Charles Alan Wright et al., *Federal Practice and Procedure*, § 2948.1.

In this case, Plaintiffs purchased Defendant's company. In doing so, Plaintiffs purchased things such as business relationships, customer contacts, and customer goodwill. Additionally, Plaintiffs employed Defendant and relieved him of all liabilities associated with the sold business. Plaintiffs would not likely have agreed to the transaction if Defendant was unwilling to agree to the Non-Competition Clause. Furthermore, since the end of his employment with Plaintiffs, Defendant has sold and continues to sell carbon pipe. Defendant's breach of the Non-Competition Clause would almost certainly significantly, and immediately, devalue the business relationships and customer contacts that served as the primary purpose for Plaintiffs' purchase. As a result, the Court finds that Plaintiffs' have established a probable, imminent, and irreparable injury.

*3. Factor Three: Hardship to Parties*

Before issuing an injunction, courts must "balance the competing claims of injury and . . . consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987). Thus, in addition to demonstrating a

likelihood of success on the merits and irreparable harm, a movant must show that it would suffer more harm without the injunction than the enjoined party would if it as granted. The award of preliminary relief is never "strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff," but is rather "a matter of sound judicial discretion" and careful balancing of interest of—and possible injuries to—the respective parties. *Yakus v. United States*, 321 U.S. 414, 440 (1944). If there is reason to believe that an injunction issued prior to a trial on the merits would be burdensome, the balance tips toward denying preliminary relief. *See Winter*, 555 U.S. at 27 ("The policy against the imposition of judicial restraints prior to an adjudication of the merits becomes more significant when there is reason to believe that the decree will be burdensome." (internal quotations omitted)).

The threatened injury to Plaintiffs' if the injunction is not granted outweighs any potential harm caused to Defendant by the issuance of an injunction. Defendant's continued breach of the Non-Competition Clause will result in Plaintiffs facing a significant risk of losing customers, losing goodwill, and incurring monetary damages. In contrast, Defendant has the money he obtained via the Purchase Agreement, and the ability to pursue other employment opportunities in the industry that do not violate the Non-Competition Clause (i.e., opportunities that do not directly compete with Plaintiffs). In sum, Plaintiffs will suffer loss of business and profits while this injunction merely requires the Defendant to live up to the terms of the contract that he has already signed. A balancing of the equities consequently favors granting of the preliminary injunction.

4. *Factor Four: Public Interest*

The final factor in the preliminary injunction analysis focuses on policy considerations. Plaintiffs have the burden to show that if granted, a preliminary injunction would not be adverse

to public interest. *Star Satellite, Inc. v. Biloxi*, 779 F.2d 1074, 1079 (5th Cir. 1986). If no public interest supports granting preliminary relief, such relief should ordinarily be denied, "even if the public interest would not be harmed by one." 11A Charles Alan Wright et al., *Federal Practice and Procedure*, § 2948.1. "Consequently, an evaluation of the public interest should be given considerable weight in determining whether a motion for preliminary injunction should be granted." *Id.*

A preliminary injunction is appropriate based on the facts of this case. It is in the public interest to uphold contracts. *See, e.g., Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 571 (S.D. Tex. 2014). As a result, the Court grants the preliminary injunction with respect to the Non-Competition Clause.

## Conclusion

For the foregoing reasons, the Court denies Defendant's Motion for Summary Judgment (Doc. No. 18). The Court grants Plaintiffs' request for preliminary injunction with respect to the Non-Competition Clause and denies Plaintiffs' request for preliminary injunction with respect to the Non-Solicitation Agreement.

Signed at Houston, Texas, this 21st day of December, 2021.

_____
Andrew S. Hanen
United States District Judge