United States District Court
Southern District of Texas
**ENTERED**
December 21, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLIED PIPE, LLC and<br>ALLIED MANAGEMENT, INC.,<br><br>    Plaintiffs,<br>VS.<br><br>EDWIN F. PAULSEN,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:21-CV-1315 |

## PRELIMINARY INJUNCTION

The Court having found that Plaintiffs have satisfied all the necessary elements to maintain a lawsuit and to obtain a Preliminary Injunction hereby grants the Motion for Preliminary Injunction. (Doc. No. 14). Defendant Edwin F. Paulsen is hereby enjoined from selling carbon pipe or otherwise violating the Covenant Against Competition ("Non-Competition Clause") contained in the Purchase Agreement, pending a final resolution of the merits of this case or until a further order of this Court, the United States Court of Appeals for the Fifth Circuit, or the United States Supreme Court. The reasons for this injunction are set out in detail in the accompanying Memorandum Opinion and Order, but, to summarize, it is due to the failure of the Defendant to comply with the terms of his Non-Competition Clause.

The Court has considered the issue of security as per Rule 65(c) of the Federal Rules of Civil Procedure. While the Court recognizes it may require security, it also recognizes that the Fifth Circuit has held that a district court has the discretion to "require no security at all." *See, e.g., Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996); *see also Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300 (5th Cir. 1978); Wright & Miller, *Federal Practice and*

*Procedure*, § 2954. Upon review, the Court finds that the Defendant will not suffer any sizeable financial loss—other than that which might occur from the loss of sales commissions from the sales he has already agreed not to make—that warrants the need for the Plaintiffs to post a high amount of security. Plaintiffs are ordered to post a bond in the amount of $25,000 in cash or via a Court approved bonding company.

Until a further order by this Court, the Defendant is hereby enjoined from violating the Non-Competition Clause under the amended geographic terms set forth in the accompanying Memorandum Opinion and Order. The parties are to submit an agreed upon proposed schedule by order for the Court's consideration by January 14, 2022. This proposal shall be drafted in a manner to take this case through trial.

Signed at Houston, Texas, this 21st day of December, 2021.

Andrew S. Hanen
United States District Judge