IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLIED PIPE HOLDINGS, LLC, and § <br> ALLIED MANAGEMENT, INC. § <br>        Plaintiffs § <br> § <br> V. § <br> § <br> EDWIN F. PAULSEN, § <br>        Defendant § | CIVIL ACTION NO. 4:21-CV-01315 |

## EDWIN F. PAULSEN'S MOTION FOR REHEARING
## AND IN THE ALTERNATIVE MOTION FOR CLARIFICATION

COMES NOW Defendant Edwin F. Paulsen ("**Mr. Paulsen**") and files this Motion for Rehearing and, in the alternative, Motion for Clarification ("**Motion**") and would respectfully show as follows:

1.  On December 21, 2021, the Court entered an Order (Doc. No. 36) denying Mr. Paulsen's motion for summary judgment and granting Plaintiff's request for preliminary injunction. By separate written order, the Court entered a Preliminary Injunction (Doc. No. 37).

2.  Mr. Paulsen requests this Court reconsider both the Order (Doc. No. 36) and the Preliminary Injunction (Doc. No. 37). While the Order did reform the geographic restrictions of the noncompetition provision (which lacked a geographic restriction entirely), the reformed restrictions do not correspond to the evidence offered at the hearing. Additionally, the Order did not directly address the overbreadth of the noncompetition provisions restrictions on the "scope of activity to be restrained" which impact whether an

injunction was appropriate and separately whether additional reformation is necessary. The Plaintiffs also did not meet their burden to show irreparable harm.

3. In the alternative, Mr. Paulsen requests this Court clarify the Preliminary Injunction (Doc. No. 37) pursuant to FED. R. CIV. P. 65. As written the Preliminary Injunction contains three separate and potentially contradictory injunctions. Mr. Paulsen respectfully requests the Court clarify its Order with sufficient specificity to allow Mr. Paulsen to ascertain exactly what is prohibited.

### A. Motion for Rehearing

4. The Preliminary Injunction is overly broad because the Noncompetition provision in the Purchase Agreement which it incorporates by reference is overly broad. The Noncompetition provision provides:

> (a) For a period of five (5) years following the Closing (or if any Seller enters into an employment relationship with Buyer or its Affiliates, from the date of termination of such employment), the Sellers will not, for his/its own account or jointly with another, directly or indirectly, for or on behalf of any individual, partnership, corporation or other legal entity, as principal, agent or otherwise:
> (i) Own, manage, operate, join, control, or participate in the ownership, management, operation or control of, or be employed as an officer, employer, consultant, independent contractor, stockholder, partner, or in any other capacity with any entity that is engaged in competition with the Business.

*See* Exhibit A-1 to the Original Complaint, p. 6.

5. The noncompetition provision contains no restriction as to geographical area. *See* Exhibit A-1 to the Original Complaint, p. 6. The "absence of a geographical restriction will generally render a covenant not to compete unreasonable." *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 212 (5th Cir. 2018). The noncompetition provision

restricts Mr. Paulsen from competing with "the Business" in Antarctica or anywhere else in the world and was patently overbroad. In the Order (Doc. No. 36), instead of ruling it invalid, the Court reformed the agreement to impose geographic limits of "Alberta (Canada), Alabama, California, Florida, Iowa, Illinois, Indiana, Massachusetts, Michigan, Minnesota, Missouri, North Carolina, Nebraska, New York, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Wisconsin, and West Virginia." However, this restriction is also overbroad. The Plaintiffs failed to submit sufficient evidence at the Preliminary Injunction hearing that would permit the Court to conclude this is a reasonable restriction that does "not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee." TEX. BUS. & COM. CODE § 15.50. If anything, the restriction should have been limited to the identity of clients rather than a list of states. *See e.g. Gallagher Healthcare Ins. Services v. Vogelsang*, 312 S.W.3d 640, 654 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)(non-compete covenant that is limited to clients is a reasonable alternative to a geographical limit) (*See* Transcript of Preliminary Injunction, pp. 24 and 87: it was the customer relationships that mattered). In any event, the testimony at the hearing was that the "business" was primarily in the Midwest and the alleged "Houston, Texas operations" were really just a shipping point because [Houston] is a port of entry." *See* Transcript of Preliminary Injunction, p. 11, ln. 10-15.

6. Further, while the Court did not directly overrule or dismiss Defendant's objections to the "scope of activity to be restrained," the Preliminary Injunction implicitly imposes a greater restraint than is necessary to protect the goodwill or other business

interest of Allied Pipe Holdings, LLC. If the scope of activity restrained is not limited, courts routinely hold covenants unenforceable *See, e.g., McNeilus Cos., Inc. v. Sams*, 971 S.W.2d 507, 510-11 (Tex. App. - Dallas 1997, no writ) (affirming trial court's ruling that "prohibiting [employee] from working *in any capacity* for a [Plaintiff employer's] competitor was a restraint too broad in scope"); *APRM, Inc. v. Hartnett*, 2002 WL 1435995, at *5 (Tex. App. - Houston [1st Dist.] July 3, 2002, no pet.) (holding prohibition on being "involved in any manner" with competitor of [Plaintiff employer] "overbroad and unreasonable" because it "is not limited to the capacity in which [employee] worked for [Plaintiff employer]"); *McKissock, LLC v. Martin*, 267 F.Supp.3d 841, 855-56 (W.D. Tex. 2016) (finding non-compete prohibiting former employee from being "employed or retrained by, participate in or be connected *in any manner* with any business or practice which is in competition with [former employer]" was "as currently written, unreasonable.").

7. The Preliminary Injunction, by incorporating the Purchase Agreement, defines "Business" as the "carbon pipe distribution, cleaning systems and other services related to the carbon pipe industry conducted by [Paulsen Pipe, LLC]." *See* Exhibit A-1 to the Original Complaint, p. 1. That pushes the Noncompetition provisions far beyond the bounds of reasonableness. Further, the Plaintiffs did not introduce sufficient evidence at the Preliminary Injunction hearing to support a finding that the actual business of Plaintiffs extends that far. Rather, the testimony at the hearing made it clear that "the primary business of Paulsen Pipe, 99 percent of it… was buying from the manufacturer direct, new, storing it in inventory, and selling it to customers." *See* Transcript of Preliminary

Injunction, p. 78, ln. 12. The "secondary market" transactions – namely, where product is rejected by the buyer because it is unsellable to the buyer's marketplace, and it is sold for structural or other non-pressurized applications for "dramatically less than prime steel pipe" – was not its business. *Id.* p. 47, ln. 9-15. Plaintiffs ignored this important distinction. Indeed, the testimony was that Paulsen Pipe "never dealt in the secondary market." *Id.* at p.64, ln. 4. Plaintiffs only argument is that "Carbon pipe is carbon pipe." *Id.* at p. 103, ln. 21. The Court should not rely on this *ipse dixit*.

      8.      Additionally, the Preliminary Injunction, by incorporating the Purchase Agreement, contains a restriction that Paulsen will not "directly or indirectly…own, manage, operate, join, control, or participate in the ownership, management, operation or control of, or be employed as an officer, employer, consultant, independent contractor, stockholder, partner, or in **any other capacity** with **any entity** that is engaged in competition with the Business." *See* Exhibit A-1 to the Original Complaint, p. 6 (emphasis added). Under the plain language of the preliminary injunction, Paulsen could not even sweep the floors of a competitor. *Sentinel Integrity Sols., Inc. v. Mistras Group, Inc.*, 414 S.W.3d 911, 926 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (noncompete that which purported to prevent former manager from even sweeping the floors at a competitor was unenforceable as a matter of law). Nor could Paulsen own a single share of stock in a competitor. *Forum US, Inc. v. Musselwhite*, 14-17-00708-CV, 2020 WL 4331442, at *8 (Tex. App.—Houston [14th Dist.] July 28, 2020, no pet.) (noncompete which purported to prevent a former employee from owning even a single share of stock in a competitor or volunteering at a competitor's charity golf tournament is unenforceable as written).

9. This restriction as implied by the Preliminary Injunction restricts Mr. Paulsen from working in "any capacity" for "any entity." These catch all restrictions are overbroad and, upon reconsideration, should be held overbroad.

10. Additionally, the Order (Doc. No. 36) indicates reliance on the Purchase Agreement language that "[t]he restrictions imposed herein are: (i) reasonable as to scope, time, and area." *See* Exhibit A-1 to the Original Complaint, p. 6. However, a statement in a noncompete that both parties agree the noncompete is reasonable does not make it so. "If the rule was otherwise, every employer could require employees to sign an acknowledgement of reasonableness as a condition of employment and courts would be powerless to hold unreasonable covenants not to compete unenforceable as a violation of Texas public policy. *Forum US, Inc. v. Musselwhite*, 14-17-00708-CV, 2020 WL 4331442, at *10 (Tex. App.—Houston [14th Dist.] July 28, 2020, no pet.); citing *Marsh USA, Inc. v. Cook*, 354 S.W.3d 764, 787 (Willett, J., concurring) (observing that the Covenants Not to Compete Act expressly vests the duty to decide whether restrictions are reasonable on courts and that, while a restriction may be agreeable to both parties, it may still violate public policy because it harms competition). The Preliminary Injunction Order should be reconsidered.

11. Additionally, while the Court reformed the restrictions in the noncompete, it is not entirely clear whether this is permissible under Texas law. For example, in *TransPerfect Translations, Inc. v. Leslie*, 594 F. Supp. 2d 742, 756 (S.D. Tex. 2009), the court recited a litany of Texas cases which contained numerous contradictory holdings regarding when a court can reform including: (1) a party must request reformation; (2)

reformation is appropriate at the temporary injunction stage; (3) it is unclear whether reformation is appropriate at the temporary injunction stage; and (4) a refusal to reform a noncompete at a temporary injunction was not appealable. As *TransPerfect* stated, this "this [is] unsettled law." *Id.* What is clear is that Plaintiffs did not plead for reformation, and until Plaintiffs plead for reformation, then the Original Complaint asserts a legal theory that is not cognizable as a matter of law. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 814 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Services, Inc.*, 925 F.3d 727 (5th Cir. 2019).

12. Finally, the Plaintiffs did not meet their burden to establish that but for a preliminary injunction that they would suffer an irreparable harm.

### B. Motion for Clarification

13. In the alternative, Mr. Paulsen requests the court to clarify the Preliminary Injunction. By its own terms the Preliminary Injunction (Doc. No. 37) enjoins Defendant Edwin F. Paulsen in three separate, distinct, and potentially contradictory ways:

- "Mr. Edwin F. Paulsen is hereby enjoined from selling carbon pipe"
- "Mr. Edwin F. Paulsen is hereby enjoined from . . . otherwise violating the Covenant Against Competition ("Non-Competition Clause") contained in the Purchase Agreement"
- "the Defendant is hereby enjoined from violating the Non-Competition Clause under the amended geographic terms set forth in the accompanying Memorandum Opinion and Order"

14. The first of these restrictions is the clearest, yet sets no geographic limits; nor does it make any distinctions based on "competition" or "the Business" of Paulsen Pipe or the capacity in which Defendant is forbidden, or permitted, to act.

15. The second restriction enforces the Non-Competition Clause but without reformation. Also, it does not set forth the actual restriction, but merely references another document, namely, the Purchase Agreement.

16. The third restriction does impose the reformed geographic restrictions (though it does not actually state them but merely refers to the Memorandum Opinion and Order). But it does not set forth the actual restriction, it merely references another document, namely, the Purchase Agreement, itself an exhibit at the hearing, twice removed from the injunction order.

17. Because of the serious view courts traditionally take of the violation of injunctive orders and because of the severity of punishment which may be imposed for such violations, the injunction orders must be specific and reasonably detailed. *Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 439, 96 S. Ct. 2697, 2706, 49 L. Ed. 2d 599 (1976). Fairness requires that the persons enjoined receive explicit notice of precisely what conduct is outlawed. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 444, 94 S. Ct. 1113, 1126, 39 L. Ed. 2d 435 (1974). Consequently, the terms of an injunction should have sufficient clarity and specificity to allow the parties to ascertain with reasonable certainty what is prohibited or required, and to conform their conduct to the requirements of the injunction, without requiring inferences about what conduct is prohibited or being subject to misunderstanding and confusion. *Kulkarni v. Braeburn Valley W. Civic Ass'n, Inc.*, 880 S.W.2d 277, 278 (Tex. App.—Houston [14th Dist.] 1994, no writ). Broad, nonspecific language that merely enjoins a party to obey the law or comply with an agreement does not give the restrained

party fair notice of what conduct will risk contempt. The Federal Rules of Civil Procedure provide that every order granting an injunction and every restraining order must state the reasons why it issued, be specific in its terms, and describe in reasonable detail, and not by referring to the complaint or other document, the act or acts to be restrained or required. *Scott v. Schedler*, 826 F.3d 207, 213 (5th Cir. 2016); citing FED. R. CIV. P. 65(d)(1)(C). The drafting standard has been described as "that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." *Id.* (quoting *212 Wright & Miller, Federal Practice & Procedure § 2955 at 536-37 (1973)). "The rule embodies the elementary due process requirement of notice." *Id.* The Supreme Court has repeatedly emphasized that "the specificity provisions of Rule 65(d) are no mere technical requirements." *Id.*

18.   As such, the Preliminary Injunction must set forth an injunction with sufficient clarity and specificity to permit Mr. Paulsen to be apprised of how he can conform his conduct to the requirements of the injunction without requiring inference of what he can and cannot do. Neither may the Preliminary Injunction reference the Purchase Agreement nor direct Mr. Paulsen to comply with the agreement. As currently written, Mr. Paulsen cannot be expected to "ascertain from the document itself exactly what conduct is proscribed."

WHEREFORE, Defendant Edwin F. Paulsen requests that the Court hold that the noncompetition clause in the Purchase Agreement is overbroad as to both scope and geography and deny entry of the Preliminary Injunction. Alternatively, Defendant Edwin F. Paulsen requests the court reform the restrictions of the noncompetition clause in the

Purchase Agreement and enter a new Preliminary Injunction which contains clear and specific restrictions. Finally, Defendant Edwin F. Paulsen also prays that the Court grant him such other and further relief to which he may be entitled in law or equity.

        Respectfully Submitted,

        Hughes Watters Askanase, LLP

<u>//s// C. Ed Harrell</u>
State Bar No. 09042500
1201 Louisiana, 28th Fl
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
eharrell@hwa.com

**ATTORNEY FOR DEFENDANT EDWIN F. PAULSEN**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Trial Brief was served on opposing counsel pursuant to the Federal Rules of Civil Procedure, this 18th day of January 2022:

Mark J. Levine
Weycer, Kaplan, Pulaski & Zuber, P.C.
24 Greenway Plaza, Ste. 2050
Houston, Texas 77046
*Via electronic service – [mlevine@wkpz.com](mailto:mlevine@wkpz.com)*

      *//s// C. Ed Harrell*
      C. Ed Harrell